UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEE DANIEL WHITE,

    Petitioner,

v.                                            Case No. 2:09-cv-13
                                               HON. ROBERT HOLMES BELL

BARRY DAVIS,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner Lee Daniel White filed this petition for writ of habeas corpus challenging his conviction for first-degree criminal sexual conduct. Following a jury trial, Petitioner was convicted of first-degree criminal sexual conduct and was sentenced to 8 to 40 years imprisonment as a second habitual offender. Upon appeal, the Michigan Court of Appeals affirmed the conviction, but remanded for resentencing. Petitioner then raised the same claims in the Michigan Supreme Court, which were denied. The Kent County Circuit Court also denied Petitioner's motion for relief from judgment. The Michigan Court of Appeals denied the delayed application for leave to appeal for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D). The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner raises the following claims:

I. The trial court abused its discretion in denying the motion for relief from judgment on the basis of ineffective assistance of trial counsel where trial counsel (1) failed to call an expert witness to rebut the testimony of the nurse examiner, where the experts testimony would have demonstrated that the physical findings were consistent with consensual intercourse and (2) failed to object to improper testimony by the nurse examiner.

II. Petitioner received ineffective assistance of appellate counsel for failing to raise the issues stated above.

III. Petitioner has shown "prejudice" for purposes of MCR 6.508

IV. Petitioner is actually innocent.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of

the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by

a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

First, Petitioner asserts that the trial court abused its discretion in denying the motion for relief from judgment on the basis of ineffective assistance of trial counsel where trial counsel failed to call an expert witness to rebut the testimony of the nurse examiner, where the expert's testimony would have demonstrated that the physical findings were consistent with consensual intercourse. The Michigan Court of Appeals denied this claim by applying the correct constitutional standard in a matter that was not objectively unreasonable:

> [T]he decision not to call a witness is presumed to be trial strategy and this decision did not deprive Defendant of a substantial defense. . . . Further, testimony to this effect, although perhaps helpful, was not necessary for Defendant to mount a defense to the charge.

Michigan Court of Appeals Opinion, docket #25, at 3. Furthermore, in denying Petitioner's motion for relief from judgment, the Kent County Circuit Court also rejected the claim on the same matter, explaining that:

> Defendant raised the issue of trial counsel's failure to call Mr. Simson as a witness in a *pro se* brief and the Court of Appeals addressed the issue. Defendant has not presented a retro-active change in the law that undermines the Court of Appeals decision.... Additionally the claim lacks merit.
> * * *
> Although Dr. Simson may have testified as to this point more forcefully, Defendant has not overcome the strong presumption that trial counsel's actions constituted sound trial strategy. This Court will not second guess trial counsel's decision to refrain from calling the expert witness when the record already contains similar testimony.

Kent County Circuit Court Opinion, docket #38, at 3-4.

Additionally, Petitioner bases the claim of ineffective assistance of trial counsel on the ground that trial counsel failed to object to Nurse Examiner Dayton testifying to legal conclusions. However, the Kent County Circuit Court also rejected this claim, stating that:

> Defendant's claim fails because Nurse Examiner Dayton never testified to the ultimate question in the case and because Defendant has not overcome the presumption that trial counsel's lack of objection or cross-examination of the controversial statement that "You know, all I can confirm is that the abrasion is consistent with her story that -" was sound trial strategy.
>
> * * *
>
> Although Nurse Examiner Dayton testified that the abrasion was consistent with the victim's story, she never concluded that Defendant forcefully penetrated the victim. Further, it is not clear where Defendant expected trial counsel to raise an objection. Defendant is not arguing that the prosecutor's question was impermissible and the prosecutor appears to have stopped and redirected the witness's testimony before she could elaborate on the victim's testimony.
>
> Additionally it is uncertain how effective cross-examination of the witness's statement would have been. The problematic testimony is an isolated statement within several pages of questions regarding the nature of the injury and how such injuries are caused. Drawing more attention to the statement could have been more detrimental than beneficial to Defendant.
>
> This Court finds that trial counsel's conduct did not fall below an objective standard of reasonableness. Defendant has not demonstrated that his trial counsel was ineffective. Accordingly he has not demonstrated "good cause" and and [sic] his legal position lacks merit.

Kent County Circuit Court Opinion, docket #38, at 4-6.

In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319

(6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Here, the trial counsel's decision not to call a witness is presumed to be trial strategy, and Petitioner has failed to overcome the presumption.

Similarly, Petitioner contends that he received ineffective assistance of appellate counsel for failing to raise the issues of trial counsel's failure to call expert witness and object to the Nurse Examiner's response. In denying Petitioner's motion for relief from judgment, the Kent

County Circuit Court rejected the claim of ineffective assistance of appellate counsel. The Court stated that:

> [T]his Court finds that Defendant's claims of effective assistance of trial counsel lack merit. Appellate counsel is not ineffective for failing to raise meritless issues. *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000). Thus, Defendant has not demonstrated that this appellate counsel was ineffective.

Kent County Circuit Court Opinion, docket #38, at 6.

Moreover, counsel is not required to argue a meritless issue. *People v. Rodriguez*, 212 Mich. App. 351, 356; 538 N.W.2d 42, 44 (1995); *People v. Snider*, 239 Mich. App. 393, 425; 608 N.W.2d 502, 517 (2000). Since Petitioner's claims of ineffective assistance of trial counsel lack merit, the appellate counsel is not ineffective for failing to raise those meritless issues. The Michigan court's opinion on this issue was not unreasonable.

Petitioner further claims that he has shown "prejudice" for purposes of Michigan law for review in a motion for relief from judgment because he demonstrated that at least one juror would have voted to acquit him had Dr. Simson's evidence been presented. However, the Kent County Circuit Court rejected these claims, stating that:

> Regarding Defendant's assertion of actual prejudice because one juror agreed to sign a post-trial, post-appeal affidavit that had the report of Dr. Simson been presented to the jury this would have created reasonable doubt. This conclusion is belied by the fact that all five of the other jurors who were willing to meet with the Defendant's post-trial investigator refused to sign. Additionally, the brief conclusions of Dr. Simson that the abrasion on the victim's vaginal area did not indicate a rape was both discussed by other witnesses and argued strongly by Defendant's counsel (see Volume III Trial Transcript, Nov 9, 2005, pp 33-34) where he states in summarizing the testimony of the nurse examiner "you can get this injury during consensual sex."
>
> Clearly, this concept was before the jury and the brief, pre-drafted, years post-trial affidavit signed by one of the six jurors consulted is not nearly enough to demonstrate actual innocence.

> This conclusion is particularly true when the highly credible testimony of the victim is reviewed with an analysis of what she physically did immediately after her rape by the Defendant. She became hysterical, began crying, and phoning for help.
>
> Put bluntly the jury believed the victim and did not believe the Defendant. The Court reached the same conclusion in 2005 and reaffirms those conclusions today.

Kent County Circuit Court Opinion, docket #38, at 8.

MCR 6.508 (D) defines "prejudice" as actual prejudice from the alleged irregularities that support the claim for relief. Subsection (I) explains that "actual prejudice" means, in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal. However, the question for this Court is not whether Petitioner can establish an issue under stat law, but whether Petitioner's constitutional rights were violated.

Petitioner first contends that it is unknown whether the remaining six jurors would have agreed that Dr. Simson's findings created reasonable doubt, and in fact, it is likely that some of the remaining jurors would have signed an affidavit. However, Petitioner raises only a speculative argument.

Petitioner also argues that the trial court's analysis is legally wrong because it is only necessary to show that one juror would have voted differently to demonstrate prejudice. Petitioner cited three cases from Court of Appeals of Michigan where stated that, upon a showing that even one jury member might have voted to acquit a defendant, the defendant is prejudiced. *People v. Swan*, 56 Mich. App. 22, 33, 223 N.W.2d 346, 352 (1974); *People v. King*, 131 Mich. App. 542, 549-50, 346 N.W.2d 51, 54-55 (1984); *People v. Johnson*, 113 Mich. App. 575, 582, 317 N.W.2d 689, 693 (1982). In *Swan*, the court found harmless error because, after the review of evidence presented to the jury, taken together and considered aside from the conflicting testimony, there was no reasonable

possibility that the testimony contributed to the conviction. Also, in *Johnson*, the court found that the error is harmless because the distinctions between two remarks were small and thus, in the context of the entire trial, the prejudice was minimal. On the other hand, the court in *King* found that the error was not harmless because it was deliberately injected by the prosecutor, and the jury found the question of guilt to be a close one. *King*, 131 Mich. App. at 550. In the opinion of the undersigned, the totality of the evidence presented at trial establishes that Petitioner's rights were not violated.

Here, there is no showing that the affidavit was signed after the juror considered Dr. Simson's report together with other evidence presented at the trial. The affidavit merely states that after reading the doctor's report, it would have created a reasonable doubt of the charged offense. The affidavit was signed more than three years after the trial. It is uncertain whether the affiant could have recollected every memory of the trial. Similar to *Johnson*, Dr. Simson's report and the nurse's testimony do not have major distinctions that could have affected the outcome of the judgment. Furthermore, unlike *King*, there is no showing that Dr. Simson was deliberately not called to testify. After considering the doctor's report and the testimony of the nurse, the doctor, and the defendant in the context of entire trial, it is the opinion of the undersigned that assuming any error occurred, that error was harmless and Petitioner was not prejudiced. Petitioner's entire argument is based upon speculation that is unsupported in the record.

In his last claim, Petitioner maintains that he is actually innocent. In support of his claim, Petitioner contends that the evidence not presented to the jury because of counsel's deficient performance substantiates the defense of consensual intercourse. However, the trial court rejected the claim of actual innocence on the basis that the jury as well as the court itself found the complainant to be more credible than Petitioner. The court explained that:

> Even if Dr. Simson's statements were evidence, the record on the whole would not reflect that Defendant is actually innocent. Defendant argues that Dr. Simson's statements would substantiate the defense of consent. Although Dr. Simson's testimony may have bolstered a consent defense, Dr. Simson's testimony in no way calls into the question the credibility of the victim's testimony that she did not consent. The jury weighed the credibility of the Defendant and the victim and this Court will not disturb those credibility decisions. Therefore Defendant has failed to establish that he is actually innocent.
>
> * * *
>
> [T]he brief, pre-drafted, years post-trial affidavit signed by one of the six jurors consulted is not nearly enough to demonstrate actual innocence.

Kent County Circuit Court Opinion, docket #38, at 6-7.

As stated above, even if the Dr. Simson had testified, it is not a reasonable possibility that Petitioner would have been found innocent. Accordingly, Petitioner's last claim lacks merit, and this Court should not disturb the reasonable findings and conclusions of the Michigan courts.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court

in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley  
      TIMOTHY P. GREELEY  
      UNITED STATES MAGISTRATE JUDGE

Dated: July 25, 2011